**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

CLIFFORD ALLEN LEWIS
REG. #05005-017                                                              PETITIONER

VS.                                        2:05CV00059 JLH/JTR

LINDA SANDERS;
Warden, FCI Forrest City                                          RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**
**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes.  Any party may serve and file written objections to this recommendation.  Objections should

be specific and should include the factual or legal basis for the objection.  If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the office of the United States District

Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy

will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the

right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## I.  Introduction

Pending before the Court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Docket entry #1.)  Before addressing the merits of Petitioner's claims, the Court will review the circumstances giving rise to those claims.

On May 16, 2001, the United States District Court for the Northern District of Florida sentenced Petitioner to 80 months in the BOP for attempted arson.  (Docket entry #1, pp. 2, 22.) Petitioner voluntarily surrendered the next day and began serving his federal sentence on May 17, 2001.  (Docket entry #1, pp. 22.)

Some time after Petitioner began serving his federal sentence, Florida state authorities placed a detainer against Petitioner based on untried state charges.  (Docket entry #1, pp. 22.)  Pursuant to the Interstate Agreement on Detainers Act ("IADA"), Petitioner requested trial on the state charges, and, on August 1, 2002, he was temporarily released to state custody for prosecution of the state charges.  (Docket entry #1, p. 22.)

Petitioner entered a *nolo contendere* plea to the state charges, and on September 24, 2002, the Okaloosa County Circuit Court sentenced Petitioner to an aggregate term of 5 years in the Florida Department of Correction, to run concurrently with Petitioner's federal sentence.  (Docket entry #3, pp. 6-9.)  Petitioner was later returned to federal custody at FCI Forrest City, where he is presently incarcerated.[1]  Petitioner's federal incarceration is currently scheduled to expire on March 3, 2007.

The Florida Department of Corrections lodged a detainer against Petitioner based on the state sentence, which was running concurrent with his federal sentence.  According to the Florida Department of Corrections, Petitioner's state sentence is tentatively set to expire, with "allowance for gain-time awarded," on April 8, 2007.   (Docket entry #3, p. 4.)

On March 18, 2005, Petitioner filed this 28 U.S.C. § 2241 habeas action challenging the validity of the state detainer lodged against him and its resulting impact on his federal security classification.  Specifically, Petitioner claims that Florida state authorities have miscalculated his state sentence, and that his state sentence should have expired no later than May 16, 2006.[2]

---

[1]The precise date Petitioner was returned to federal custody is unclear.

[2]Petitioner argues that he is entitled to state sentence credit, from the time he was incarcerated in *federal* prison, because Florida had issued a detainer, based on the pending state charges, by May 17, 2001, the date he began serving his federal sentence.  *See* docket entry #1 at pp. 9, 20. Petitioner claims that this was encompassed in his state plea agreement and that this is supported by a comment his counsel made during the state plea and sentencing hearing, which occurred on

Petitioner argues that the state detainer has prevented a reduction of his federal security level and transfer to a facility closer to his home, and that he is exposed to "over confinement." Petitioner couches these claims as a denial of due process, equal protection, and access to the courts. He requests that this Court direct Respondent "not to honor any state detainer pertaining to the instant issues, which would expire later than May 16, 2006."

Respondent argues that it is obligated to honor the state detainer, pursuant to the Interstate Agreement on Detainers, and has no authority to change the terms of a Florida state sentence or to remove the detainer.[3] Respondent claims that Petitioner's requested relief, if any, must come from the Florida state courts.

For the reasons set forth below, the Court recommends that the Petition for Writ of Habeas Corpus be dismissed.

## II.  Discussion

Courts have held that a federal prisoner seeking § 2241 habeas relief from a state detainer must exhaust all available state remedies. *See Hamrick v. Patton*, 2006 WL 2092392 (E.D. Ky. 2006) ("A prisoner must apply to a state court for relief from a state detainer. . . . A federal court has no superintending function or control over a state court.") (unpublished decision); *Davis v. Henman*, 1994 WL 36348 (D. Kan. 1994) (dismissing § 2241 habeas action by federal prisoner due to failure to exhaust state remedies - "[b]ecause a state's issuance of a detainer is, in effect, a

---

September 24, 2002.  According to a transcript submitted by Petitioner, his hearing concludes with his lawyer stating that "[t]he only other issue is [Petitioner] got a detainer placed upon him sometime in May.  We believe the case law supports he gets credit for time served since May."  (Docket entry #1, p. 17.)  The transcript concludes immediately after this comment.

[3]  The Court ordered Petitioner to file a Reply addressing Respondent's arguments (docket entry #4), but he did not do so.

custodial hold, a challenge to the validity of the detainer must necessarily be brought pursuant to 28

U.S.C. § 2254. . . .  However a United States District Court may not entertain a § 2254 action until

the habeas petitioner has exhausted his state court remedies"); *Saccco v. Falke*, 649 F.2d 634, 635-36

(8th Cir. 1981) ("a petitioner seeking relief from state custody by means of a federal writ of habeas

corpus is ordinarily required to exhaust his state remedies").

In this case, Petitioner argues that he has attempted to pursue state court remedies to no avail.

He has attached to his Petition a copy of a "Motion to Modify Sentence," which he claims he filed

in August of 2004 in his underlying criminal case in Okaloosa County Circuit Court.[4]  Petitioner has

also attached a letter, dated October 20, 2004, which is addressed to the clerk of the state court

requesting a copy of the ruling, if any, from the state court on his pending motion.

Despite Petitioner's alleged efforts to obtain state court relief, he has failed to provide the

Court with any of the records necessary to undertake a meaningful review of his sentence, as

calculated by the Florida state courts.  In addition, there is *no evidence* that he has pursued relief to

the state's *highest court*.  To the extent that Petitioner alleges that the Florida state court has

wrongfully refused to rule on his motion, there is no evidence that he has pursued any state appellate

court relief aimed at compelling a ruling from the state trial court.  Thus, the Court concludes that

Petitioner has failed to exhaust state remedies.[5]

---

[4]The "Motion to Modify Sentence" does not bear a filing stamp or any other indication that it was actually filed in the underlying state criminal proceeding.

[5]Even if Petitioner has exhausted his state remedies, his claim challenging his BOP security classification and his resulting ineligibility for particular BOP programs has no merit.  In considering the allegedly adverse effect of invalid state detainers on federal prisoners, numerous courts have held that prisoners have no constitutional right to a particular security classification after incarceration, or to imprisonment in a particular facility.  *See Morris v. Smith*, 2005 WL 2304303 (M.D. Pa 2005) (rejecting habeas claim that federal prisoner had a constitutional interest where BOP used an

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for Habeas Corpus under 28 U.S.C. § 2241 (docket entry #1) be DISMISSED, WITHOUT PREJUDICE.

Dated this 12th day of October, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

allegedly invalid state detainer to calculate security classification causing him to be deprived of participation in certain prison programs - "Petitioner has no recognizable constitutional right to a particular custody status and security classification"); *Brundage v. Snyder*, 27 Fed. Appx. 572 (6th Cir. 2001) ("The mere lodging of a detainer does not violate a prisoner's due process rights. . . . In addition, an adverse impact on a prisoner's classification and his eligibility for institutional programs is not sufficient to invoke due process") (unpublished decision); *Davis v. Henman*, 1994 WL 36348 (D. Kan. 1994) ("To the extent . . . petitioner is claiming his due process rights are being violated in federal prison because of the state detainer, a detainer which adversely affects a prisoner's classification or eligibility for programs does not activate such a right") (unpublished decision). Thus, on the merits, Petitioner's claim also fails.